The Honorable Jack Critcher State Senator P.O. Box 79 Grubbs, Arkansas 72431-0079
Dear Senator Critcher:
This is in response to your request for an opinion on the following question:
 Pursuant to Arkansas Code Annotated §§ 13-2-401 et seq., may a county library board retain custody of funds received from the State Aid for Public Libraries Program or must these funds be deposited with the county treasurer?
RESPONSE
It is my opinion, although the answer to this question is not entirely clear, that state aid funds of a "county library board" must be deposited with the county treasurer. The result is different, however, for a "regional library board."
The most relevant statute is A.C.A. § 13-2-404 (Supp. 1997), which provides in pertinent part that:
 (a) All tax and other county-appropriated funds of the county public library shall be in the custody of the county treasurer and shall constitute a separate fund to be known as the county public library fund.
* * *
 (b)(1) Funds received by the county public library by gift, bequest, devise, or donation or from fees or fines may remain in the custody of the county library board, if a board has been created, or deposited with the county treasurer for the county public library fund if the county library board so chooses or if a board has not been created. [Emphasis added].
This statute does not expressly mention the "state aid" funds to which your question refers. Those funds are state tax revenues appropriated to the Arkansas Department of Education — Arkansas State Library for "Aid to Public Libraries." See Acts 1999, No. 212, Section 1. The "state aid" funds can be characterized as "tax" funds, but A.C.A. § 13-2-404(a) above, which refers to "tax and other county-appropriated funds," appears to be referring exclusively to county tax funds. This language clearly includes the separate library millage funds collected on behalf of the library. See Arkansas Constitution, Amendment 38, § 2 and Op. Att'y Gen.90-239. The question is whether the reference to "tax" funds is broad enough to include the state tax funds appropriated by Act 212, such that these funds must be deposited with the county treasurer.
It is my opinion that, if faced with the question, a court would in all likelihood conclude that the answer is "yes." The "state aid" funds at issue more nearly fall within the reference to "tax and other county-appropriated funds" than they do within the words "gift, bequest, devise, or donation or . . . fees or fines." It is therefore my opinion that with regard to a "county public library" the funds must be deposited with the county treasurer.
Opinion No. 90-239 noted, however, at least as regards a regional library board, that the question was simply not addressed in state law. The Opinion noted a practical problem in requiring the county treasurers to take custody of state aid funds allocated to regional library boards. With a regional library board, which may include more than one county, difficulties arise as to how the funds would be distributed among the various county treasurers. The Opinion thus concluded that "practical concerns . . . may militate in favor of the regional board retaining custody of the funds." The Opinion also noted, however, that the question could benefit from legislative clarification. Act 402 of 1997 revised the statutes pertaining to regional library systems. Regional system boards of trustees now "[h]ave exclusive control of the finances of the regional library system," and are authorized to deposit funds in one or more "public depositories." A.C.A. § 13-2-905(a)(5) and (e) (Supp. 1997). In my opinion, therefore, the state-aid funds distributed to regional library systems need not be deposited with the county treasurer.
This same conclusion does not obtain, however, with regard to a county library board of "the county public library" under A.C.A. § 13-2-404(a). In my opinion the reference to "tax and other county-appropriated funds" in that statute can be construed to include the state aid funds at issue. In my opinion therefore, a court would in all likelihood require their deposit with the county treasurer. See also 90-319 (regarding the appropriation of county library funds).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh